UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

SCHLETTA HAYLES,

    Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

Case No. 6:13-cv-01714-HA

OPINION AND ORDER

HAGGERTY, District Judge:

    Plaintiff Schletta Hayles seeks judicial review of a final decision by the Acting Commissioner of the Social Security Administration denying her application for Supplemental Security Income (SSI) benefits. This court has jurisdiction to review the Acting Commissioner's decision under 42 U.S.C. § 405(g). After reviewing the record, this court concludes that the Acting Commissioner's decision must be REVERSED AND REMANDED for further proceedings.

OPINION AND ORDER - 1

## STANDARDS

A claimant is considered "disabled" under the Social Security Act if: (1) he or she is unable to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment is "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Hill v. Astrue,* 688 F.3d 1144, 1149-50 (9th Cir. 2012) (citing 42 U.S.C. § 1382c(a)(3); *Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir. 1999)); 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a). In steps one through four, the Commissioner must determine whether the claimant (1) has not engaged in SGA since his or her alleged disability onset date; (2) suffers from severe physical or mental impairments; (3) has severe impairments that meet or medically equal any of the listed impairments that automatically qualify as disabilities under the Social Security Act; and (4) has a residual functional capacity (RFC) that prevents the claimant from performing his or her past relevant work. *Id.* An RFC is the most an individual can do in a work setting despite the total limiting effects of all his or her impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p. The claimant bears the burden of proof in the first four steps to establish his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show that jobs exist

OPINION AND ORDER - 2

in a significant number in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits. 20 C.F.R. §§ 404.1520(f)(1), 416.920(a). On the other hand, if the Commissioner can meet its burden, the claimant is deemed to be not disabled for purposes of determining benefits eligibility. *Id.*

The Commissioner's decision must be affirmed if it is based on the proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).

When reviewing the decision, the court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998). If, however, the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision, the decision must be set aside. *Id.* at 720.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff was born in 1959 and was fifty years old at the time of her application. She continued her education past the eighth grade and later earned a General Educational

OPINION AND ORDER - 3

Development (GED) certificate. She has worked as a delivery driver and jewelry production assembler. Plaintiff protectively filed her application for SSI on April 20, 2010, alleging that she has been disabled since June 29, 2007. The claim was denied initially on June 30, 2010, and upon reconsideration on November 4, 2010. At plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on July 19, 2012. The ALJ heard testimony from plaintiff, who was represented by counsel, as well as an independent vocational expert (VE).

On July 27, 2012, the ALJ issued a decision finding that plaintiff was not disabled under the Act. At step one of the sequential analysis, the ALJ found that plaintiff had not engaged in SGA since April 20, 2010, the date of her application. Tr. 14, Finding 1.[1] At step two, the ALJ found that plaintiff suffers from the following medically determinable severe impairments: posttraumatic stress disorder (PTSD). Tr. 14, Finding 2. After considering plaintiff's severe and non-severe impairments, the ALJ determined that plaintiff does not have an impairment or combination of impairments that meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 15, Finding 3. After consideration of the entire record, the ALJ found that plaintiff has the RFC to perform a full range of work at all exertional levels but with the following nonexertional limitations: she can understand and complete simple routine instruction and work tasks; she can have only occasional superficial interactions with coworkers and the public; and she can sustain appropriate supervisory contact. Tr. 16. Based on plaintiff's age, education, work experience, and RFC, the ALJ found that plaintiff is capable of performing jobs that exist in significant numbers in the national economy, such as laundry worker, budder,

---

[1] "Tr." refers to the Transcript of the Administrative Record.

and janitor. Tr. 20. Therefore, the ALJ concluded that plaintiff was not disabled. Tr. 20.

On July 25, 2013, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Acting Commissioner. Plaintiff subsequently initiated this action seeking judicial review.

## DISCUSSION

Plaintiff argues that the ALJ's decision to deny her application was not based on substantial evidence for several reasons: (1) the ALJ erred in discrediting plaintiff's testimony; (2) the ALJ erred in discrediting the opinion of Dr. Hughley; (3) the ALJ erred in failing to address the opinion of Dr. Beckwith; (4) the ALJ erred in discrediting lay testimony; and (5) the Acting Commissioner failed to meet her burden in proving that plaintiff has the ability to perform other work in the national economy. Each of plaintiff's arguments is addressed in turn.

### 1. Plaintiff's Testimony

Plaintiff argues that the ALJ erred by failing to give clear and convincing reasons for rejecting plaintiff's testimony. The Ninth Circuit has established a two-part test for evaluating subjective symptom testimony. First, the plaintiff must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the symptoms alleged. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Second, if there is no evidence that plaintiff is malingering, the ALJ may reject the claimant's testimony regarding the severity of her symptoms only if he makes specific findings stating clear and convincing reasons for doing so. *Id.* at 1284. In this case, it is clear that plaintiff's impairments could cause some of the alleged symptoms and there is no evidence of malingering. Therefore, the ALJ was required to provide clear and convincing reasons for rejecting plaintiff's testimony.

OPINION AND ORDER - 5

Plaintiff argues that the ALJ did not provide clear and convincing reasons because the Ninth Circuit has indicated that the failure to seek medical treatment for a mental disorder is not a valid reason for discrediting a plaintiff's testimony. *See Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). However, even if the ALJ did rely on plaintiff's failure to seek medical treatment in this case, he also provided several other reasons for discrediting plaintiff. First, the ALJ found that plaintiff is independent in daily activities such as self-care, meal preparation, housework, and handling finances. Tr. 16. He also noted that plaintiff raised two children without assistance. Tr. 17. These daily activities are inconsistent with plaintiff's testimony, and such inconsistencies can undermine her testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Second, the ALJ noted that plaintiff quit her most recent job because she was receiving insurance payments after an accident - not because her depression prevented her from working. Tr. 17. The ALJ may discount plaintiff's testimony if he finds that plaintiff stopped working for reasons unrelated to her alleged disability. *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001). Third, the ALJ listed several inconsistencies that he found in plaintiff's testimony. Tr. 17. An ALJ may consider inconsistencies in testimony when weighing credibility. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). Therefore, the court finds that the ALJ provided several clear and convincing reasons for discounting plaintiff's testimony.

2.  **Opinion of Dr. Hughley**

Plaintiff argues that the ALJ erred in discounting the opinion of her examining psychologist, Leia Hughley, Ph.D. Doctor Hughley completed a Medical Source Statement, stating that plaintiff had moderate to marked impairment in her ability to carry out simple instructions, and extreme limitations in her ability to carry out complex instructions and make

OPINION AND ORDER - 6

judgments on complex work-related decisions. The ALJ did not fully credit the degree of limitations identified by Dr. Hughley, because Dr. Hughley noted that plaintiff was exaggerating during the examination and plaintiff failed to engage in any treatment.

Uncontradicted opinions of treating or examining sources may be rejected for clear and convincing reasons, and contradicted opinions may be rejected for specific and legitimate reasons. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Because Dr. Hughley's opinion was contradicted by those of Kordell Kennemer, Psy.D., and Joshua Boyd, Psy.D., the ALJ need only provide specific and legitimate reasons for discounting Dr. Hughley's opinion. An ALJ may reject a medical opinion if it is based to a large extent on the plaintiff's self-reports that have been properly discounted as incredible. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). In this case, not only is Dr. Hughley's opinion based on plaintiff's self-reports, but Dr. Hughley even noted that plaintiff was exaggerating her symptoms during the very examination upon which her opinion is based. The court finds that this constitutes a specific and legitimate reason for discounting Dr. Hughley's opinion.

### 3. Opinion of Dr. Beckwith

Plaintiff argues that the ALJ erred in rejecting the opinion of plaintiff's treating physician, Jeffrey Beckwith, M.D. Doctor Beckwith opined that plaintiff "looks to me to be unable to concentrate or focus on any sort of job that I can imagine." Tr. 251. The ALJ briefly discussed Dr. Beckwith's records, including that he recommended antidepressants and recommended counseling, but he did not address Dr. Beckwith's opinion as to plaintiff's ability to concentrate.

It is error for an ALJ to fail to explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another. *Garrison v. Colvin*, 759 F.3d

OPINION AND ORDER - 7

995, 1012 (9th Cir. 2014) (citation omitted). In this case, the ALJ rejected Dr. Beckwith's opinion regarding plaintiff's ability to concentrate without providing any reasoning or analysis whatsoever. Doctor Beckwith's opinion regarding plaintiff's concentration is not an ultimate conclusion, which is reserved for the Commissioner, as defendant suggests. Rather, it is medically-based opinion as to plaintiff's ability to concentrate, and it is consistent with other observations in the medical record. Tr. 236, 277. Therefore, the ALJ erred in rejecting Dr. Beckwith's opinion without analysis. On remand, the ALJ shall fully consider plaintiff's concentration limitations and Dr. Beckwith's opinions.

    4.    **Lay Witness Testimony**

Plaintiff argues that the ALJ erred in discounting the lay witness testimony of Lacy Moore, plaintiff's daughter. Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account, unless [the ALJ] expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). An ALJ must offer "arguably germane reasons for dismissing" lay testimony, but need not "clearly link his determination to those reasons." *Id.* at 512. However, the germane reasons given by the ALJ must also be specific. *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009). A legitimate reason to discount lay testimony is that it conflicts with medical evidence. *Lewis*, 236 F.3d at 511. But the ALJ cannot discredit lay testimony because it is not supported by, or corroborated by, medical evidence in the record. *Bruce*, 557 F.3d at 1116.

In this case, the ALJ accepted Ms. Moore's statements regarding plaintiff's limitations as descriptive of Ms. Moore's perceptions; however, the ALJ noted that the behavior observed is not consistent with the medical and other evidence of record. Tr. 17. In *Lewis*, the ALJ rejected

OPINION AND ORDER - 8

testimony by the claimant's family members as contrary to "documented medical history and findings and prior record statements" without further explanation. 236 F.3d at 511. The Ninth Circuit held that this was not error, because the ALJ had explained the contradictory medical evidence and statements elsewhere in the decision. *Id.* at 512. Here, the ALJ notes throughout his decision the evidence he has credited for finding that plaintiff is not disabled. Therefore, the court finds that ALJ gave specific and germane reasons for discounting the lay witness's testimony in this case.

### 5. The Commissioner's Burden

Finally, plaintiff argues that defendant failed to meet her burden of proving that plaintiff retains the ability to perform other work in the national economy. To meet the Commissioner's burden, the ALJ may elicit testimony from a VE, but the hypothetical posed to the VE must consider all of the plaintiff's limitations supported by the record. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006). Plaintiff argues that defendant failed to meet her burden, because she relied on VE testimony that did not consider all of plaintiff's limitations. As discussed above, the court finds that the hypothetical posed to the VE did not consider Dr. Beckwith's opinions regarding plaintiff's concentration. On remand, the hypothetical posed to the VE shall consider all of plaintiff's limitations.

///

///

///

///

///

OPINION AND ORDER - 9

## **CONCLUSION**

For the reasons provided, this court concludes that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Acting Commissioner denying Schletta Hayles' application for SSI must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this ruling and the parameters provided herein.

IT IS SO ORDERED.

DATED this 2 day of December, 2014.

Ancer L. Haggerty
United States District Judge